## FRITZ BOHL v. THE STATE.

1. CONSTITUTIONALITY OF THE SUNDAY LAW. — The act of December 2, 1871, known as the "Sunday Law," makes it a misdemeanor for any dealer in a lawful business to sell or barter (except drugs or medicines) on Sunday, between nine o'clock, A. M., and four o'clock, P. M., within the limits of any city or town, under a penalty of not less than $20 nor more than $50. *Held*, that this enactment is constitutional and still in force, is not a "local law," nor repugnant to the guaranty of equal rights given by the Constitution of 1876.

2. "SPECIAL AND LOCAL LAWS." — A retroactive effect, it seems, will not be given to that provision of the Constitution which inhibits the enactment of special and local laws upon certain subjects.

APPEAL from the Criminal District Court of Galveston. Tried below before the Hon. G. COOK.

*P. T. Languille*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WHITE, J.    The charge in the indictment is that defendant, " on the 13th day of May, 1876, in the said county of Galveston, in the state of Texas, with force and arms, then and there being a trader in a lawful business, in a certain house then situate in the city of Galveston and county aforesaid, then and there unlawfully and willfully did, on Sunday, the 13th of May in the year aforesaid, between the hours of nine o'clock in the morning and five o'clock in the afternoon of said Sunday, sell lager beer within the limits of said city to," etc.

The 4th section of the act of December 2, 1871 (2 Pasc. Dig., art. 6504), reads as follows : " Any merchant, grocer, or dealer in wares or merchandise, or trader in any lawful business whatsoever, who shall sell or barter on Sunday, between the hours of nine o'clock, A. M., and four o'clock, P. M., within the limits of any city or town, shall

be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be fined in a sum not less than twenty nor more than fifty dollars; *provided*, that nothing contained in this act shall be construed to prohibit the sale of drugs and medicines."

The case under investigation presents the sole question of the constitutionality of this statute. It is candidly admitted by counsel for appellant, in his able brief, "that the statute was not obnoxious to any provisions of the Constitution of 1869 (which was in force at the date of its passage), and that in many of our sister states similar laws have often been declared constitutional;" but it is submitted that these decisions have been rendered under constitutions containing no such limitations and restrictions upon legislative action as are at present contained in the organic law of this state. Two provisions of the Constitution of 1876 (now in force) are relied upon as specially prohibiting the passage and enforcement of such laws. The first is the 3d section of the Bill of Rights, article 1, which is in these words: "All freemen, when they form a social compact, have equal rights, and no man or set of men is entitled to exclusive separate public emoluments or privileges but in consideration of public services."

The second is the 56th section of article 3. The three clauses of this section to which the statute quoted is supposed to be obnoxious are as follows: "The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law,  *  *  *  regulating labor, trade, mining, and manufacturing;  *  *  *  and in all other cases where a general law can be made applicable no local or special law shall be enacted," etc.

Under these constitutional rules it is contended (1) that traders in cities and towns are subjected to disabilities, and liable to be punished for doing that which is no offense when done by the same class of traders who pursue the

same occupations outside the limits of towns and cities, and that thereby and to that extent the statute not only makes an unjust discrimination against a class of citizens, but confers unequal privileges upon another class by leaving them free and unrestricted in the exercise of their avocations upon Sunday ; (2) that the statute, being operative by its terms only in towns and cities, is, consequently, " a local statute."

The principle enunciated in the 3d section of the Bill of Rights is to be found expressed in the same language in each of the Constitutions under which the people of Texas have lived since the organization of the state government. Const. 1845, art. 1, sec. 2 ; Const. 1866, art. 1, sec. 2 ; Const. 1869, art. 1, sec. 2. And under those Constitutions the decisions heretofore rendered, holding Sunday laws constitutional, were made by our courts. *Gabel* v. *Houston*, 29 Texas, 346 ; *Sunday-law Cases*, 30 Texas, 527. The correctness of these decisions is not questioned by counsel for appellant. If they be correct — and of that we are satisfied beyond doubt — then we are of opinion that that is a settlement of the question raised in this case.

For, so far as the other question is concerned — to wit, that the law is obnoxious to the Constitution because it is purely local — take, for instance, the definition of a local statute as quoted by counsel from Bouvier's Law Dictionary, that it is " a statute whose operation is intended to be restricted within certain limits," and test the statute complained of by it, and can it be contended that the statute comes within the rule? Are any particular limits for its operation specified, other than that it is applicable to towns and cities alone? On the contrary, is it not absurd to say that that is or can be called, technically or legally, a local law which is made for the purpose and applies with equal efficacy to every one of the cities and every one of the hundreds of towns scattered over the broad limits and

located in every section and portion and subdivision of the state, not a single county that has a town in it being exempt from its operations? The merchant and trader pursuing his business in every city or town in the state is equally alike subject to its provisions and liable to its penalties. It appears to us that it might with equal propriety be claimed that almost one-half the laws found upon our statute-books are local.

Again, this law was enacted before and was in force when the Constitution was adopted, and, not being, in our opinion, repugnant to the Constitution, remains in force as the law of this state until amended or repealed by the Legislature. Const. 1876, art. 16, sec. 48.

The judgment of the lower court is affirmed.

*Affirmed.*